# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NANCY D. JOHNSON,**

  **Plaintiff,**

  vs.                  **Civil Action No. 2:08 CV 51**
                              **(Maxwell)**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

  **Defendant.**

## ORDER

It will be recalled that the above-styled social security appeal was instituted on March 10, 2008, with the filing of a Complaint by the Plaintiff, Nancy D. Johnson.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.12 of the Local Rules of General Practice and Procedure.

On June 17, 2008, a Motion For Summary Judgment Or, In The Alternative, Motion For Remand was filed on behalf of the Plaintiff, and on July 15, 2008, a Motion For Summary Judgment was filed on behalf of the Defendant.

On December 2, 2008, Magistrate Judge Seibert entered a Report And Recommendation (Docket No. 14) wherein he recommended that the Plaintiff's Motion For Summary Judgment be denied because: 1) the ALJ did not err in relying upon the VE's testimony regarding the number of jobs available in the national economy that Claimant could perform; 2) whether the evidence of mental functioning was developed at the initial and reconsideration levels is irrelevant to the current proceeding; and 3)

the ALJ's RFC assessment was a "mental assessment;" 4) the ALJ did, in fact, rely upon medical opinions in making his disability determination; and 5) remand is not warranted because the transcript was not so inadequate as to require another hearing. Magistrate Judge Seibert's December 2, 2008, Report And Recommendation recommended, however, that the case be remanded with instructions that the ALJ recontact Dr. Latif to determine whether Claimant's GAF score is 50, or within a range of 50-65.  Finally, Magistrate Judge Seibert's December 2, 2008, Report And Recommendation recommended that the Defendant's Motion For Summary Judgment be granted except on the issue recommended for remand.

In said Report And Recommendation, the parties were directed, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within ten (10) days after being served with a copy of said Report And Recommendation.  Magistrate Judge Seibert's Report And Recommendation expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

The docket in the above-styled civil action reflects that the Defendant's Objections To The Magistrate Judge's Report And Recommendation were filed on December 11, 2008.  In his Objections, the Defendant objects to Magistrate Judge Seibert's Report And Recommendation only to the extent that it recommends that the ALJ must re-contact Dr. Latif in order to determine the Plaintiff's GAF.  In this regard, the Defendant asserts that this information was not needed in order to adjudicate the Plaintiff's case.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

As previously noted, on December 11, 2008, the Defendant filed Objections To The Magistrate Judge's Report And Recommendation. The Court has conducted a *de novo* review only as to the portion of the Report and Recommendation to which the Defendant objected. The remaining portions of the Report And Recommendation to which the Defendant has not objected have been reviewed for clear error.

The Court finds that the Defendant has not, in his Objection, raised any issues that were not thoroughly considered by Magistrate Judge Seibert in said Report And Recommendation. The Court is of the opinion that Magistrate Judge Seibert's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, it is

**ORDERED** that Magistrate Judge Seibert's Report And Recommendation (Docket No. 14) be, and is hereby, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that:

1. The Plaintiff's Motion For Summary Judgment Or, In The Alternative, Motion For Remand (Docket No. 11) is **DENIED** to the extent that the Court finds: 1) the ALJ did not err in relying upon the VE's testimony regarding the number of jobs available in the national economy that Claimant could perform; 2)

whether the evidence of mental functioning was developed at the initial and reconsideration levels is irrelevant to the current proceeding; 3) the ALJ's RFC assessment was a "mental assessment;" 4) the ALJ did, in fact, rely upon medical opinions in making his disability determination; and 5) remand is not warranted because the transcript was not so inadequate as to require another hearing.

2. The Plaintiff's Motion For Summary Judgment Or, In The Alternative, Motion For Remand (Docket No. 11) is **GRANTED** insofar as the Court remands this case with instructions that the ALJ recontact Dr. Latif to determine whether Claimant's GAF score is 50, or within a range of 50-65.

3. The Defendant's Motion For Summary Judgment (Docket No. 12) is **GRANTED in part** and **DENIED** with regard to the limited issue on which the Court has remanded this case.

4. The Commissioner's decision is **REVERSED**, and the above-styled civil action is **REMANDED** to the Commissioner of Social Security pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with Magistrate Judge Seibert's Report And Recommendation.

In accordance with Shalala v. Schaefer, 125 L.Ed.2d 239 (1993), it is further

**ORDERED** that the Clerk of Court shall enter **JUDGMENT** reversing the decision of the Defendant and remanding the cause for a rehearing and shall thereafter **DISMISS** this action from the docket of the Court.

Counsel for the Plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within 90 days from the date of the judgment order.

The Clerk of Court is directed to transmit copies of this Order and the Judgment Order to counsel of record.

**ENTER:** February  18 , 2009

                                                      **/S/ Robert E. Maxwell**
                                                      United States District Judge